# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CALVIN REGISTER,

      Plaintiff,

v.                                    CASE NO. 4:09cv349-RH/WCS

COASTAL FOREST RESOURCES
COMPANY,

      Defendant.

_____/

## ORDER GRANTING LEAVE TO DEPOSE SPECIFIC WITNESSES
## BUT RETAINING THE SUMMARY-JUDGMENT DEADLINE

The discovery deadline was May 3, 2010; the deadline to begin mediation is May 17, 2010; and the deadline for filing summary-judgment motions is May 24, 2010. The defendant filed on April 21, 2010, a consented motion for leave to depose specific witnesses by May 14, 2010. (Document 16.) An order was signed on May 4 granting the consented motion. (Document 22.) The order did not extend the mediation and summary-judgment deadlines. As it turns out, the defendant withdrew the motion on May 5, just prior to the actual posting of the order that had been signed on May 4. The record does not indicate whether the

defendant did or did not proceed with the depositions.

The plaintiff moved on May 3 for leave to depose specific witnesses by May 20. (Document 19.) The defendant opposes the motion unless the summary-judgment deadline also is extended. The parties's positions are set out in a series of filings. (Documents 23, 24, and 25.)

This order grants leave to depose the specific witnesses but does not extend the summary-judgment deadline.

Taking the depositions will not affect the overall schedule. And so far as the record reflects, taking the depositions after the May 3 deadline, rather than before it, will cause no significant inconvenience to anybody.

Delaying the summary-judgment deadline is different. The schedule provides a limited window for the parties to brief, *and the court to decide*, a summary-judgment motion filed at or near the deadline. The scheduling and mediation order (document 8), which was entered more than six months ago, advised the parties to file any summary-judgment motion at the earliest appropriate time. The order noted that it is rarely necessary for a motion to await the completion of discovery. Indeed, in an employment-discrimination case, any well-founded defense motion for summary-judgment usually can be filed promptly after the plaintiff is deposed. The defendant has suggested no reason why it has delayed filing a summary-judgment motion until now. And it has suggested no reason why

it needs to wait longer.

If there is a reason for a delay, the defendant can move to extend the deadline. Attorney convenience can be an acceptable reason in this instance as in most others. But the defendant should take note: in this instance the defense attorney's convenience in delaying the motion may impose an inconvenience on the plaintiff's attorney and the court. Having delayed the filing of a summary-judgment motion to this point, the defendant should not ask for a further delay unless it has good cause.

For these reasons,

IT IS ORDERED:

The plaintiff's motion for leave to depose specific witnesses (document 19) is GRANTED. The discovery deadline remains May 3, 2010, and thus has passed. The parties are granted leave to depose by May 20, 2010, the specific witnesses identified in the motion. This order does not extend the mediation and summary-judgment deadlines.

SO ORDERED on May 15, 2010.

                                                s/Robert L. Hinkle
                                                United States District Judge